PETER G. SIACHOS
PSIACHOS@GRSM.COM



ATTORNEYS AT LAW
18 COLUMBIA TURNPIKE, SUITE 220
FLORHAM PARK, NEW JERSEY  07932
WWW.GRSM.COM

May 31, 2022

Hon. John P. Cronan
U.S. District Judge
Southern District of New York
500 Pearl Street, Room 1320
New York, New York 10007
CronanNYSDChambers@nysd.uscourts.gov

Re:   *Hicks v. L'Oréal USA, Inc.*
      No. 1:22-cv-01989-JPC
      (Related to No. 1:22-cv-03926-JPC)

Dear Judge Cronan:

I am counsel for defendant L'Oréal USA, Inc., in the above-entitled case.  In keeping with Your Honor's Individual Rules and Practices, I write to advise the Court that L'Oréal intends to move to dismiss the complaint in this matter pursuant to Rules 12(b)(1) and 12(b)(6).

Briefly, this is a putative class action in which two plaintiffs contend that they overpaid for mascaras.  They do not claim the mascaras hurt them or failed to make them more beautiful.  Instead, they perceive a chance that the mascaras might have contained some form or other of per- and polyfluoroalkyl substances ("PFAS").

According to the complaint, PFAS are a broad family of chemical compounds, numbering in the thousands, "used for decades" by industry.  As such, Plaintiffs say that PFAS have spread "widely" and remain "highly persistent" in much of the environment.  The environment is where raw materials come from.  The resulting chance that PFAS impurities might have found their way into the mascaras upset Plaintiffs' alleged certainty that their cosmetics would be free of any PFAS at all.  They demand refunds, penalties, and other relief, citing possible correlations between some forms of PFAS and chances for future development of a litany of health conditions.

L'Oréal will move to dismiss on several grounds.  First is standing:  L'Oréal contends that Plaintiffs have no injury-in-fact.  They cannot plead an economic injury.  Its premises are layers of speculation and conjecture not cognizable to Article III.  Plaintiffs also lack standing to seek injunctive or other prospective relief, considering they are now wise to their alleged deception, eliminating the likelihood of its repetition.

*Hicks v. L'Oréal USA, Inc.*
No. 1:22-cv-1989-JPC (rel. 1:22-cv-03926-JPC)
May 31, 2022
Page 2

Looking past the serious Article III defects, the complaint also asks the Court to invade the FDA's primary jurisdiction. It is that agency's province to digest emerging PFAS-related scientific research and then resolve the resulting technical and regulatory questions into uniform cosmetic labelling policy. Plaintiffs hope the Court will step in, fashion new labelling policy from the bench, and open a broad frontier of litigation against the makers and sellers of every cosmetic, food, or other personal product made from raw materials at risk of PFAS impurities. The Court should decline that invitation.

On the merits, federal law expressly preempts the case's liability theory. 21 U.S.C. § 379s(a). The complaint wields state law to impose cosmetic labelling requirements regarding PFAS that are "not identical" but "different" and "in addition" to FDA requirements for labelling about the contents of consumer cosmetics. *Id.*; *Critcher v. L'Oréal USA, Inc.*, 959 F.3d 31, 36 (2d Cir. 2020).

Preemption aside, the complaint fails to state a plausible, objective basis for its underlying theory of consumer expectations. Plaintiffs do not allege that L'Oréal made any representation regarding PFAS, let alone that the mascaras would be completely free of them. There was no plausible or material deception. The corresponding omission theory also fails because the complaint does not plausibly plead a duty to disclose.

In addition, L'Oréal's motion will rest on other claim-specific grounds, including:

- The express warranty claim fails because the mascaras' labelling warranted nothing about PFAS;
- The implied warranty claim fails because the products were not unfit for sale;
- The warranty claims fail for lack of privity or pre-suit notice; and
- The unjust enrichment claim duplicates other claims.

If Plaintiffs choose to face the motion rather than amend, the parties have agreed on the following briefing schedule: motion papers due June 24, opposition papers due July 22, reply papers due August 5. If Plaintiffs elect to amend, L'Oréal respectfully requests 30 days to respond owing to undersigned counsel's trial commitments early this summer.

L'Oréal thanks the Court for its consideration of this letter and the forthcoming motion.

Respectfully submitted,

Peter G. Siachos
Gordon Rees Scully Mansukhani, LLP
Attorneys for defendant
L'Oréal USA, Inc.

The request is granted. Defendant shall move by June 24, 2022, Plaintiffs shall oppose by July 22, 2022, and Defendant shall reply by August 5, 2022.

SO ORDERED.
Date: June 6, 2022
New York, New York

_____
JOHN P. CRONAN
United States District Judge